# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 11, 2020

161800

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellant,

v

DOUGLAS JAMES CRYSTAL, JR.,
       Defendant-Appellee.

_____/

SC: 161800
COA: 346248
Kent CC: 17-010774-FH

Bridget M. McCormack,
*Chief Justice*

David F. Viviano,
*Chief Justice Pro Tem*

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
*Justices*

On order of the Court, the application for leave to appeal the March 24, 2020 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE Part III of the judgment of the Court of Appeals remanding for resentencing before a different trial court judge. As noted by dissenting Judge Markey, the Court of Appeals majority took the trial court judge's remarks at sentencing out of context. The judge did not suggest that the defendant intended to cause the collision or the injuries suffered by the victims, but instead noted that the letters in support of the defendant referred to the offense as an "accident" without recognizing that the defendant made the decision to drink alcohol and drive at speeds in excess of 90 miles per hour. The record does not indicate that the trial court judge would have substantial difficulty putting out of his mind previously expressed views or findings, and reassignment is not necessary to preserve the appearance of justice. *People v Walker*, 504 Mich 267, 285-286 (2019). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction.

MCCORMACK, C.J. (*concurring in part and dissenting in part*).

I concur in the Court's denying leave with respect to whether the defendant's sentence was reasonable. But I respectfully dissent from the Court's decision to reverse the Court of Appeals' remand for resentencing before a different judge. In my view, the panel majority did not clearly err when it concluded that the factors articulated in *People v Walker,* 504 Mich 267, 285-286 (2019), weighed in favor of reassignment to a new judge. " 'To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.' " *People v Cheatham*, 453 Mich 1, 30 n 23 (1996), quoting *Parts & Electric Motors, Inc v Sterling Electric, Inc*, 866 F2d 228, 233 (CA 7, 1988)

(quotation corrected). In light of its analysis of the trial court's departure sentence, which this Court leaves undisturbed, the Court of Appeals' decision to remand for resentencing before a different judge does not definitively appear to be a mistake. Nor do I believe the Court of Appeals clearly erred when it alternatively held that even if the trial judge could clear his mind of his previously expressed views, reassignment would still be required to preserve the appearance of justice and impartiality. That rationale is, in my view, an adequate alternative basis to support the Court of Appeals' decision. See *Sparks v Sparks*, 440 Mich 141, 163 (1992) (reassigning the case to a different judge on remand because the appearance of justice would be better served with a new judge presiding).

MARKMAN, J. (*concurring in part and dissenting in part*).

I concur with the majority to the extent it concludes that the Court of Appeals erred by holding that the resentencing it ordered should take place before a different judge. But I respectfully disagree that leave to appeal should be denied as to whether resentencing is required in the first place. For I believe the Court of Appeals also erred by holding that the trial court failed to justify its decision to depart from the guidelines minimum sentence range. In my judgment, and in agreement with the Court of Appeals dissent, the circumstances here that are mitigating pall before those that are aggravating and uncontemplated by the guidelines. Therefore, I would fully reverse the Court of Appeals, but having not prevailed as to resentencing, I join with the majority only as to which judge should undertake that resentencing.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 11, 2020



Clerk

t1208